UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY NASTAV and KELLY NASTAV, as Trustees of the John and Patricia Nastav Irrevocable Life Insurance Trust, Trust No. N-793, dates 3-29-93, <br><br> Plaintiffs, <br><br> v. <br><br> PHOENIX LIFE INSURANCE COMPANY, <br><br> Defendant, <br><br> v. <br><br> JOHN NASTAV and PATRICIA NASTAV, INTRASTATE PIPING & CONTROLS, INTRASTATE ELECTRICAL SERVICES, INC., INTRASTATE MILLWRIGHT SERVICES, INC., and INTRASTATE INTERNATIONAL, INC., <br><br> Third-Party Defendants. | No. 07 C 4937 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

At issue in this case is a Phoenix life insurance policy purchased by a trust in the name of John and Patricia Nastav ("the Nastavs"). The trustees, the Nastavs' daughters ("the Trustees"), filed a complaint against Phoenix, in which they allege that the Nastavs improperly assigned the policy as collateral on a loan without the consent of the trustees. When the borrower defaulted on the loan, Phoenix provided payment to the bank in the amount of the policy and recorded it as a loan against the policy. The complaint seeks a declaratory judgment requiring Phoenix to remove the recorded loan from the policy and restore the face value.

Phoenix initiated a third-party complaint against the Nastavs based on their role in the assignment of the policy. The third-party complaint alleges fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, indemnification, and contribution. The Nastavs filed an answer to the third-party complaint and subsequently file their counterclaims. After two amendments, the Nastavs filed their Third Amended Counterclaim alleging fraud (Count 1), intentional infliction of emotional distress (Count 2), abuse of process (Count 6), and violation of Illinois' Citizen Participation Act (Count 5), and voluntarily dismissing previously alleged Counts 3 and 4 against Phoenix. Phoenix now moves to dismiss the Nastavs' remaining counterclaims. For the following reasons, the Motion to Dismiss is granted.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the Plaintiff. *Caldwell v. City of Elmwood*, 959 F.2d 670, 671 (7th Cir. 1992). Plaintiff, for her part, must do more than solely recite the elements for a violation; she must plead with sufficient particularity so that her right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead her facts so that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of her entitlement to relief. *Id.* (internal quotations omitted).

### III. DISCUSSION

#### A. Count 1 - Fraud

Under Illinois law, the elements of fraud are: "(1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance of the truth of the statements, and (5) damage to the other party resulting from such reliance." *Indemnified Capital Investments, SA. v. R.J. O'Brien & Associates, Inc.*, 12 F.3d 1406, 1412 (7th Cir. 1993) (citation omitted); *Board of Educ. v. A, C and S, Inc.*, 546 N.E.2d 580, 591 (1989). Pursuant to Federal Rule of Civil Procedure 9(b), the Nastavs' allegations of fraud must be pled with particularity.

In their Third Amended Counterclaim, the Nastavs, who are proceeding *pro se*,[1] allege one false statement by Phoenix asserting that the Nastavs signed a collateral assignment as trustees. This statement appears in Phoenix's Third Party Complaint against the Nastavs, and Phoenix allegedly knows this statement is false. The Nastavs maintain that Phoenix knew that this false statement would cause them to react negatively based on their reliance of the truth of the statement. In their response, the Nastavs elaborate that Phoenix made the alleged false statement in an attempt to induce them to file their own counterclaims against Phoenix. By inducing the Nastavs to participate in a protracted litigation, Phoenix would have time to search for evidence favorable to it. The Nastavs further explain that they relied on the truth of the statement as it was presented in the legal filing, assuming that Phoenix and its lawyers, both "reputable" entities, would only speak the truth. The Nastavs claim to have been damaged as a result, enduring lost time, sleep, worry, and costs.

---

[1] I should note that the Nastavs have done a decent job representing themselves under the particular circumstances here.

Aside from setting forth conclusory allegations, the Nastavs fail to provide sufficient factual support for their allegations of Phoenix's intent to induce and the Nastav's reliance on the truth of the statements. The Nastavs plead no facts in support of their claim that Phoenix made the false statement in an attempt to induce the Nastavs to file a counterclaim, thereby buying time to look for evidence that the Nastavs claim doesn't exist. Furthermore, the record demonstrates that the Nastavs did not believe the false statement to be true. In their May 9, 2008 answer to Phoenix's Third Party Complaint, the Nastavs denied the alleged false statement and maintained that Phoenix misrepresented the facts and knew that the Nastavs did not and could not sign to authorize the release of funds. It was in denial of the statement, not in reliance of its truth, that the Nastavs filed their counterclaim. They have not succeeded putting forth anything other than conjecture as to Phoenix's intent to induce them into filing a counterclaim, and have failed to demonstrate the plausibility of their entitlement to relief. For these reasons, Count 1 is dismissed.

**B. Count 2 - Intentional Infliction of Emotional Distress**

To state a claim for Intentional Infliction of Emotion Distress ("IIED"), the Nastavs must allege (1) conduct by Phoenix that was extreme and outrageous; (2) Phoenix intended its conduct to cause severe distress or knew that there was a high probability that its conduct would inflict such distress; (3) Phoenix's conduct in fact caused severe emotional distress. *Schiller v. Mitchell*, 828 N.E.2d 323, 333 (Ill. App. 2005). Conduct is actionable only if it is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency[.]" *Public Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976) (quoting Restatement (Second) of Torts § 46, cmt. D (1965).

According to the Nastavs, Phoenix is well aware that its third-party suit against them lacks merit and is unsupported by the evidence. It is the filing of the suit that the Nastavs claim to be extreme and outrageous. However, under Illinois law, "[a] person will not be liable where he has

4

done nothing more than demand legal rights in a permissible way." *Schiller*, 828 N.E.2d at 335-36. In *Khan v. American Airlines*, the plaintiff customer failed to plead facts to support allegations of extreme and outrageous conduct where airline security guards entrapped him, arrested him, and had him criminally charged, with no factual basis to believe he had committed a crime. 639 N.E.2d 210, 211 (Ill. App. 1994) *abrogation on other grounds recognized by Velez v. Avis Rent A Car Sys., Inc.*, 721 N.E.2d 652 (1999). Even if Phoenix's Third Party Complaint is without merit, the filing of the lawsuit - presumably less distressing than being arrested - does not rise to the level of extreme and outrageous conduct, and for this reason, the Nastav's IIED claim fails.

## C. Count 5 - Violation of Illinois' Citizen Participation Act, 735 ILL. COMP. STAT. 110/5

The purpose of the Citizen Participation Act ("CPA") is to protect citizens and organizations in their "valid exercise of their constitutional rights to petition, speak freely, associate freely, and otherwise participate in and communicate with government." 735 ILL. COMP. STAT. 110/5. The statute seeks to limit abuse of the judicial process to intimidate, harass or punish citizens and organizations for involving themselves in public affairs. *Id.* Section 15 of the CPA states:

> This Act applies to any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government.

The Nastavs are not attempting to participate in government, nor does the Third Party Complaint chill their constitutional right to do so. The CPA does not apply here, and the Nastavs have provided no authority, other than the statute itself, suggesting that it does. The plain meaning of the statute contradicts their assertion and for these reasons, Count 5 is dismissed.

## D. Count 6 - Abuse of Process

Under Illinois law, "[t]he two elements of a claim for abuse of process are (1) some act in the use of the legal process not proper in the regular prosecution of such proceedings, and (2) the

existence of an ulterior purpose or motive." *Kirchner v. Greene*, 691 N.E.2d 107, 116 (Ill. App. 1998). The test of sufficiency as to the first element is "whether process has been used to accomplish some result which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally be compelled to do." *Doyle v. Shlensky*, 458 N.E.2d 1120, 1128 (Ill. App. 1983).

The essence of this counterclaim is that Phoenix filed a fabricated and fraudulent lawsuit against the Nastavs. However, "[t]he mere filing of a lawsuit, even with a malicious motive, does not constitute an abuse of process." *Commerce Bank, N.A. v. Plotkin*, 627 N.E.2d 746, 748 (Ill. App. 1994).[2] The Nastavs have failed to satisfy the first element of the tort, and for this reason, Count 6 is dismissed.[3]

## IV. CONCLUSION

For the foregoing reasons, Phoenix's Motion to Dismiss Third Party Defendants' Third Amended Complaint is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: September 23, 2009

---

[2] While the Nastavs assert facts that they claim to be indicative of Phoenix's allegedly egregious actions against them, they refer to no other use of the legal process than the filing of the suit and associated documents.

[3] The Nastavs posit that Phoenix's ulterior motive in abusing legal process is to cover up their errors and avoiding embarrassment before their board of directors, however, the Nastavs provide no supporting facts for this theory of motive.